# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JAMES GANDEE,**
**Claimant Below, Petitioner**

**FILED**

March 30, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 16-0307** (BOR Appeal No. 2050721)
(Claim No. 2014034776)

**TOYOTA MOTOR MANUFACTURING WV, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner James Gandee, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Toyota Motor Manufacturing WV, Inc., by James W. Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 1, 2016, in which the Board affirmed a July 22, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 15, 2014, decision to deny authorization for physical therapy. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Gandee, an assembly line worker at Toyota Motor Manufacturing WV, Inc., injured his right shoulder at work on May 2, 2014. Mr. Gandee underwent an MRI of the right shoulder on August 5, 2014, which revealed degenerative changes and a subchondral cyst in the superior lateral aspect of the humeral head. There was no evidence of a rotator cuff tear, labral tear, or bone marrow edema. On September 2, 2014, William McCormick, M.D., examined Mr. Gandee

1

and suggested that further physical therapy would improve his range of motion. Dr. McCormick authored a request for physical therapy due to the popping and stiffness in the right shoulder.

Introduced into evidence was a September 12, 2014, utilization review performed by Dr. Goldsmith with Genex. Dr. Goldsmith stated that Mr. Gandee suffered acute shoulder pain at work and subsequently completed twenty-four physical therapy visits. He also noted that the MRI arthrogram revealed findings of degenerative change consistent with normal disease of life and no evidence of rotator cuff tear or labral tear. Dr. Goldsmith opined that the request was not medically necessary and significantly exceeded the treatment guidelines contained in West Virginia Code of State Rules § 85-20-40.5 (2006). Several days later, Mr. Gandee returned to Dr. McCormick with pain in his shoulder. Dr. McCormick advised him to work in a modified manner and attempt physical therapy on his own.

On October 1, 2014, Genex issued another review reiterating that the request for physical therapy should be denied because Mr. Gandee had already completed twenty-four physical therapy sessions and there is no reason he cannot continue his rehabilitation through an independent home regimen. The claims administrator denied the request for further physical therapy on September 15, 2014. Marsha Bailey, M.D., examined Mr. Gandee and completed an independent medical evaluation report on November 20, 2014, which found that Mr. Gandee's likely source of symptoms was a result of his short stature and continued over-shoulder motions as opposed to the compensable work-related strain. Dr. Bailey stated that due to his persistent symptoms a thoracic and cervical spine MRI should be performed.

An MRI of the cervical spine performed on March 12, 2015, revealed degenerative changes present with small endplate osteophytes and disc space height loss at multiple levels. There was a mixed hard and soft disc complex with mild disc bulge at C4/C5 and C6/C7 without significant spinal stenosis and no evidence of malalignment. The impression was scattered degenerative changes in the cervical spine with some with mild disc bulges. The thoracic MRI revealed mild, multilevel degenerative disc desiccation within the mid to lower thoracic spine and scattered mild, multilevel disc bulges without significant central canal stenosis. The impression stated no acute fracture, normal cord signal, and no significant degenerative compromise of the spinal canal. On March 18, 2015, Dr. Bailey reviewed the cervical and thoracic MRI and opined that Mr. Gandee had reached maximum medical improvement and suffered from 2% whole person impairment.

The Office of Judges determined that further physical therapy was not medically related and reasonably required for the treatment of the compensable injury. The Office of Judges found that under West Virginia Code of State Rules § 85-20-40.5 shoulder sprains/strains may require physical therapy for up to six weeks. Further, West Virginia Code of State Rules § 85-20-4.1 (2006) provides that treatment past the treatment guidelines is presumed to be medically unreasonable. In order for it to be shown to be reasonable:

> A preponderance of evidence, including but not limited to, detailed
> and documented medical findings, peer reviewed medical studies,
> and the elimination of causes not directly related to a compensable

> injury or disease, must be presented to establish that treatments in
> excess of those provided for in this Rule are medically reasonable.

The Office of Judges determined that Dr. McCormick's request that physical therapy be approved for the purpose of improving Mr. Gandee's range of motion does not meet the standard set forth in West Virginia Code of State Rules § 85-20-4.1. The Board of Review adopted the findings of the Office of Judges and affirmed its Order. After review, we agree with the consistent decisions of the Office of Judges and Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 30, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker